UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHANIECE WILLIAMS, SHERRY THOMPSON, and WILLIAM ALLEN<br><br>Plaintiffs,<br><br>-against-<br><br>MIAMI-DADE COUNTY, a Florida County and Political Subdivision of the State of Florida, JUAN RODRIGUEZ, individually and as a police officer of Miami-Dade County<br><br>Defendants. | Index No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs Shaniece Williams, Sherry Thompson, and William Allen (collectively "Plaintiffs") by and through their attorney, Joseph M. Schuster, Esq., P.A., and for their complaint against Defendants states and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiffs, innocent civilians who were just trying to order dinner while waiting in their vehicle in a drive-through line at a restaurant, were shot at by Officer Juan Rodriguez. Even as Plaintiffs were fleeing from Officer Rodriguez by driving away from his position, Officer Rodriguez continued to shoot at Plaintiffs and the vehicle they each occupied ("Plaintiffs' Vehicle"). Plaintiff Williams was shot by Officer Rodriguez and each Plaintiff sustained the injuries and damages specified herein.

2. Plaintiffs now bring this action to recover damages caused by Defendants in connection with Officer Rodriguez's shooting and for all other injuries sustained by each Plaintiff.

**PARTIES**

3. Plaintiff Shaniece Williams is a resident of the State of Florida and a mother of four children. At the time of the shooting, Ms. Williams and Mr. Allen had two children together and were in a romantic relationship. Ms. Williams was also close friends with Ms. Thompson.

4. Plaintiff William Allen is a resident of the State of Florida and a father of four children. Mr. Allen is the father of Ms. Williams' children and Mr. Allen was also close friends with Ms. Thompson at the time of the shooting.

5. Plaintiff Sherry Thompson is a resident of the State of Florida. At the time of the shooting, Ms. Thompson was close friends with each of Ms. Williams and Mr. Allen.

6. Defendant Miami-Dade County is a political and geographic subdivision of the State of Florida. Among other things, Miami-Dade County provides law enforcement services through the Miami-Dade County Police Department. Under applicable law, Miami-Dade County is responsible for the conduct of the Miami-Dade Police Department, and owns, operates, manages, directs, and controls the Miami-Dade Police Department.

7. Defendant Juan Rodriguez ("Officer Rodriguez") at all times relevant to this complaint, was an employee and police officer of Defendant Miami-Dade County and is being sued in his individual capacity. At all times material hereto, Officer Rodriguez was acting as an agent and employee of Defendant Miami-Dade County and was acting under color of law as a police officer of the Miami-Dade Police Department.

**JURISDICTION AND VENUE**

8. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress deprivation of constitutional rights as set forth herein.

9. This Court has supplemental jurisdiction over Plaintiffs' claims arising under Florida law pursuant to 28 U.S.C. § 1367.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because all incidents, events and occurrence giving rise to this action occurred in the Southern District of Florida, and Plaintiffs and certain of Defendants reside in this district.

11. Plaintiffs have each complied with the notice requirements of Florida statutes § 768.28

## FACTUAL ALLEGATIONS

I. **Miami-Dade Police Shoots At Innocent Civilians At A Drive-Through Restaurant**

12. On December 4, 2019, Plaintiffs Ms. Williams, Ms. Thompson and Mr. Allen drove together in Ms. Thompon's vehicle ("Plaintiffs' Vehicle") to a Wings on Fire restaurant to purchase dinner using the restaurant's drive-through.

13. The Wings on Fire restaurant was located at the northwest corner of Northwest 66th Street and Northwest 22nd Avenue in Miami, Florida and remains located there today.

14. Ms. Thompson was driving the vehicle, Ms. Williams sat in the front passenger seat, and Mr. Allen sat in a rear passenger seat.

15. When Plaintiffs arrived at the Wings on Fire restaurant, the Plaintiffs' Vehicle proceeded to the restaurant's drive-through so that Plaintiffs could order their food.

16. When Plaintiffs' Vehicle was stopped in the drive-through of the Wings on Fire restaurant, another person approached Plaintiffs' vehicle. The other person who approached Plaintiffs' vehicle is denominated as the "Assailant" herein.

17. Upon information and belief, prior to approaching Plaintiffs' Vehicle, the Assailant had been riding on a motorized scooter, and Officer attempted a traffic stop on the Assailant as the

3

Assailant was riding on the scooter at or near the intersection of Northwest 66th Street and Northwest 22nd Avenue.

18.     Upon information and belief, the Assailant and Officer Rodriguez began shooting guns at and toward each other.

19.     Upon information and belief, at this time, no gunfire had been directed near or towards Plaintiffs and no gunfire had been directed near or towards Plaintiffs' Vehicle.

20.     The Assailant then ran away from Officer Rodriguez and into the parking lot and drive-through of the Wings on Fire restaurant located at the northwest corner of Northwest 66th Street and Northwest 22nd Avenue.

21.     Officer Rodriguez positioned himself in the middle of Northwest 66th Street as the Assailant approached Plaintiffs' Vehicle in the Wings on Fire restaurant drive through.

22.     When the Assailant approached Plaintiffs' Vehicle, that vehicle was occupied by each of the three Plaintiffs and solely each of the three Plaintiffs.

23.     Upon information and belief, when the Assailant approached Plaintiffs' Vehicle, that vehicle's brake lights were illuminated as Plaintiffs' vehicle remained on but was stationary in the drive-through of the Wings on Fire restaurant.

24.     The Assailant attempted to enter Plaintiffs' Vehicle while it was occupied by each of the Plaintiffs.

25.     Plaintiffs did not allow the Assailant to enter the vehicle and the Assailant was unable to enter the vehicle.

26.     After the Assailant attempted to gain entry into Plaintiffs' Vehicle, Officer Rodriguez began shooting at Plaintiffs' Vehicle and into Plaintiffs' Vehicle, and upon information

4

and belief, bullets from Officer Rodriguez's gun struck Plaintiffs' Vehicle in this initial round of shooting into and at Plaintiffs' Vehicle.

27. Upon information and belief, after the Assailant was unable to enter Plaintiffs' vehicle, the Assailant had already removed himself from the immediate vicinity of Plaintiffs' Vehicle before Officer Rodriguez began shooting in the direction of Plaintiffs' Vehicle and into Plaintiffs' occupied vehicle.

28. Upon information and belief, at the time when the Assailant ran to the Wings on Fire drive-through and parking lot when Officer Rodriguez began shooting in the direction of Plaintiffs' Vehicle and into Plaintiffs' occupied vehicle, the Assailant was not shooting his gun at Officer Rodriguez and had made no threatening movements or gestures towards Officer Rodriguez.

29. Even though Officer Rodriguez knew or should have known that Plaintiffs' Vehicle was occupied by innocent civilians, including because it was stopped in a restaurant drive through, Officer Rodriguez nonetheless began shooting at and into Plaintiffs' Vehicle.

**II.     Miami-Dade Police Shoots At Innocent Civilians In A Vehicle Even As It Flees**

30. Plaintiff Thompson, in fear of her and Plaintiffs' lives, and in an effort to escape Officer Rodriguez's multiple rounds of gun fire, drove Plaintiffs' vehicle out of the restaurant and turned right onto Northwest 22 Avenue and proceeded southbound.

31. As Plaintiff Thompsons' vehicle was fleeing and posed no threat to Officer Rodriguez, Officer Rodriguez continued to fire upon Plaintiffs' Vehicle.

32. As Plaintiff Thompson turned the vehicle onto Northwest 22 Avenue, Officer Rodriguez continued to fire upon Plaintiffs and Plaintiffs' vehicle and struck Plaintiffs' vehicle with bullets.

5

33. As Plaintiff Thompson drove Plaintiffs vehicle southbound and away from Officer Rodriguez, Officer Rodriguez still continued to fire his gun upon Plaintiffs and Plaintiffs' Vehicle.

34. Officer Rodriguez shot his gun multiple times in the direction of Plaintiffs' Vehicle and at Plaintiffs' Vehicle, and upon information and belief, bullets from Officer Rodriguez's gun struck Plaintiffs' vehicle and shot out the back window of Plaintiffs' Vehicle.

35. Officer Rodriguez continued to shoot at Plaintiffs and Plaintiffs' Vehicle even after the vehicle passed away from Officer Rodriguez and even as the vehicle continued to flee away from Officer Rodriguez's position.

36. And, as Plaintiffs' Vehicle continued to flee southbound and continued to flee away from Officer Rodriguez's position, Officer Rodriguez continued shooting, and shot Plaintiff Williams in the back and left shoulder.

37. Officer Rodriguez's gunshots also caused shattered glass to fall on at least Plaintiff Allen.

38. Officer Rodriguez's gunshots caused each Plaintiff to fear for their and each other's safety, to fear for their lives, and to fear bodily harm.

39. Officer Rodriguez's aiming at Plaintiffs and Plaintiffs' Vehicle even as Plaintiffs and their vehicle continued to flee from his position by driving further and further away from Officer Rodriguez's position confirms that Officer Rodriguez shot into Plaintiffs' vehicle and at Plaintiffs even when they did not pose any threat to Officer Rodriguez.

### III.   Miami-Dade Police Shoot At Innocent Civilians In A Fleeing Vehicle, Causing Injuries

40. Officer Rodriguez's shooting at Plaintiffs' Vehicle, including when it was fleeing, demonstrates that Defendant Miami-Dade County and the Miami-Dade Police Department failed

6

to adequately train Officer Rodriguez in the appropriate use of force and appropriate use of deadly force.

41. After Plaintiffs and Plaintiffs' Vehicle escaped from Officer Rodriguez's shooting, Plaintiffs stopped their vehicle with the hope of getting emergency assistance.

42. When police arrived, they detained and handcuffed Plaintiff Allen.

43. Plaintiff Williams received treatment at the hospital for the gunshot wound she sustained from Officer Rodriguez.

44. As a result of Officer Rodriguez's shooting into and at Plaintiffs' Vehicle, Plaintiff Williams suffered serious physical pain requiring hospitalization and medical treatment and continues to suffer physical pain.

45. As occupants of the same vehicle in which Plaintiff Williams was shot by Officer Rodriguez, Plaintiff Allen and Plaintiff Thompson were each impacted by witnessing Plaintiff Williams being shot by Officer Rodriguez.

46. Each Plaintiff has suffered and continues to suffer mental and emotional distress caused by this shooting, including, but not limited to, anxiety and fear.

47. Upon information and belief, the Miami-Dade County Miami-Dade Police Department continued to employ Officer Rodriguez without interruption following the December 2019 shooting, and in August 2021 the Miami-Dade Police Department issued a "slap on the wrist" 30-day suspension for Officer Rodriguez's shooting at Plaintiffs and Plaintiffs' Vehicle.

**COUNT I – Against Defendant Officer Rodriguez
(Excessive Force – 42 U.S.C. § 1983)**

48. Plaintiffs repeat each and every of the foregoing paragraphs 1 through 47 above as if fully set forth herein.

49. The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

50. This guarantee includes the right to be free from the use of excessive force in the course of an arrest, investigatory stop, or any other seizure.

51. At all times relevant hereto, each Plaintiff had a clearly established right to liberty, including the right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, and unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

52. At all times relevant hereto, as a police officer acting under the color of law, Defendant Officer Rodriguez was required to obey the laws of the United States.

53. Defendant Officer Rodriguez used unnecessary, inappropriate, and excessive force when firing his gun upon Plaintiffs and upon Plaintiffs' Vehicle, which was occupied solely by Plaintiffs, each of whom was an innocent civilian.

54. Defendant Officer Rodriguez, used unnecessary, inappropriate, and excessive force against each Plaintiff when firing his gun upon Plaintiffs and into Plaintiffs' Vehicle, including when Plaintiffs' Vehicle (i) was in the drive-through of the Wings on Fire and (ii) was fleeing from the Defendant Officer Rodriguez and his gunshots.

55. Defendant Officer Rodriguez, used unnecessary, inappropriate, and excessive force against each Plaintiff when firing his gun upon and into Plaintiffs' Vehicle and when shooting Plaintiff Williams.

56. The use of force against each Plaintiff was unwarranted and was not objectively reasonable.

57. As a direct and proximate result of the aforementioned, Defendant Officer Rodriguez violated the rights of each Plaintiff.

58. As a direct and proximate result of Defendant's violations of each Plaintiff's rights under the Fourth Amendment to the United States Constitution, Defendants proximately caused personal injuries, pain and suffering and emotional distress, including as follows:

    a. Plaintiff Williams has required hospitalization and medical treatment for the gunshot wound she sustained as a result of being shot by Officer Rodriguez and may require additional medical treatment caused by this shooting. Plaintiff Williams continues to experience physical pain caused by the gunshot wound she received.

    b. Each Plaintiff has had and/or continues to suffer from severe mental anguish, stress, fear, and anxiety and has obtained treatment for these issues.

    c. Each Plaintiff has suffered and/or continues to suffer loss of earnings and/or loss of future earning capacity.

59. Each Plaintiff is entitled to relief pursuant to 42 U.S.C § 1983, and Defendant is liable to each Plaintiff for damages, including general, compensatory, and special damages as may be proven at trial.

## COUNT II – Against Defendant Miami-Dade County
### (Fla. Stat. § 768.28)

60. Plaintiffs repeat each and every of the foregoing paragraphs 1 through 47 above as if fully set forth herein.

61. At all times relevant hereto, Defendant Officer Rodriguez was an employee and/or agent of Defendant Miami-Dade County.

9

62. Defendant Miami-Dade County bears legal responsibility for the negligent conduct, acts, and omissions of the Miami-Dade Police Department, officers of the Miami-Dade Police Department, and of its agents and employees, including Officer Rodriguez.

63. Each Defendant is obligated and has a duty to only use force when justified and to only detain, seize, and arrest when justified and/or appropriate.

64. Each Defendant is obligated and has a duty to only use deadly use of force when justified.

65. Each Defendant is obligated and has a duty to not shoot at fleeing innocent civilians that do not pose a reasonable threat to a Defendant.

66. Each Defendant negligently breached the duty of care of owed to each Plaintiff.

67. Defendant Miami-Dade County also improperly detained and handcuffed Plaintiff Allen after his romantic partner, was shot in the shoulder by Defendants.

68. As the direct and proximate result of the negligence of Defendants, Plaintiffs suffered personal injuries, pain and suffering and emotional distress, including as follows:

    a. Plaintiff Williams has required hospitalization and medical treatment for the gunshot wound she sustained as a result of being shot by Officer Rodriguez and may require additional medical treatment caused by this shooting. Plaintiff Williams continues to experience physical pain caused by the gunshot wound she received.

    b. Each Plaintiff has had and/or continues to suffer from severe mental anguish, stress, fear, and anxiety and has obtained treatment for these issues.

    c. Each Plaintiff has suffered and/or continues to suffer loss of earnings and/or loss of future earning capacity.

## COUNT III – Against Defendant Miami-Dade County
## (Torts)

69. In the alternative to the Count II negligence claim, Plaintiffs allege as follows and repeat each and every of the foregoing paragraphs 1 through 59 above as if fully set forth herein.

70. Defendant Officer Rodriguez committed torts of assault and battery while acting within the course and scope within the scope of his employment and as an employee and agent of Defendant Miami-Dade County.

71. Defendant Miami-Dade County bears legal responsibility for the conduct and acts of the Miami-Dade Police Department and the officers of the Miami-Dade Police Department, and of its agents and employees, including Officer Rodriguez.

72. Defendant Officer Rodriguez used unnecessary, inappropriate, and excessive force when firing his gun upon Plaintiffs and upon Plaintiffs' Vehicle, which was occupied solely by Plaintiffs, each of whom was an innocent civilian.

73. Defendant Officer Rodriguez, used unnecessary, inappropriate, and excessive force against each Plaintiff when firing his gun upon Plaintiffs and into Plaintiffs' Vehicle, including when Plaintiffs' Vehicle (i) was in the drive-through of the Wings on Fire and (ii) was fleeing from the Defendant Officer Rodriguez and his gunshots.

74. Defendant Officer Rodriguez, used unnecessary, inappropriate, and excessive force against each Plaintiff when firing his gun upon and into Plaintiffs' Vehicle and when shooting Plaintiff Williams.

75. The battery/unnecessary use of force by Defendants against each Plaintiff was unwarranted and was not objectively reasonable.

76. Each Plaintiff was placed into great fear for each of their lives and in great fear of obtaining serious bodily injury as a result of the shooting by Defendants.

11

77. The use of force by Defendant Officer Rodriguez towards each Plaintiff was objectively unreasonable and unnecessary for Defendant Officer Rodriguez to defend themselves or any other person from bodily harm, and resulted, as Defendant Officer Rodriguez should have reasonably foreseen, in a harmful and offensive contact with each Plaintiff, and against each of their will.

78. At all times material hereto, the Defendant Miami-Dade County, their agents, servants and/or employees including but not limited to Defendant Officers intended to cause bodily harm/offensive contact to each Plaintiff, who suffered a harmful/offensive contact.

79. As an actual and proximate result of the wrongful acts of Defendants each Plaintiff was placed in great fear for each of their lives and each were placed in great fear for their physical well-being.

80. Defendants proximately caused personal injuries, pain and suffering and emotional distress, including as follows:

    a. Plaintiff Williams has required hospitalization and medical treatment for the gunshot wound she sustained as a result of being shot by Officer Rodriguez and may require additional medical treatment caused by this shooting. Plaintiff Williams continues to experience physical pain caused by the gunshot wound she received.

    b. Each Plaintiff has had and/or continues to suffer from severe mental anguish, stress, fear, and anxiety.

    c. Each Plaintiff has suffered and/or continues to suffer loss of earnings and/or loss of future earning capacity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants and each of them jointly and severally, for:

1. Compensatory, consequential and nominal damages, including for bodily injury, pain and suffering and mental and emotional distress;

2. Punitive damages to the extent permitted by state and/or federal law;

3. Attorneys' fees and the costs of this action and other costs that may be associated with this action, including to the extent permitted by state and/or federal law;

4. Any other costs, fees, interest or other damages provided for by law, including expert fees to the extent permitted by state and/or federal law; and

5. An award of such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs respectfully demand a trial by jury.

DATED:   Coral Gables, Florida
         November 30, 2023

**JOSEPH M. SCHUSTER, ESQ., P.A.**

By: /s/ Joseph M. Schuster
    Joseph M. Schuster

135 San Lorenzo Ave., Ste 620
Coral Gables, FL 33146
Tel: 305-610-8330
Email: joe@josephmschuster.com
Florida Bar No. 0115812

*Attorney for Plaintiffs*