UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CIV-24530-RAR

SHANIECE WILLIAMS, SHERRY
THOMPSON, and WILLIAM
ALLEN,

    Plaintiffs,

v.

MIAMI-DADE COUNTY and
JUAN RODRIGUEZ,

    Defendants.
_____/

## MIAMI-DADE COUNTY'S MOTION TO DISMISS
## COUNTS II AND III OF THE AMENDED COMPLAINT

Despite clear guidance from this Court, Plaintiffs' Amended Complaint fares no better than the last. Rather than correct the identified substantive and pleading deficiencies, Plaintiffs made more errors. Their inclusion of additional facts only muddies their allegations and highlights both why their state law claims against Miami-Dade County are barred by sovereign immunity and why they have not pleaded a negligence claim. To make matters worse, the Amended Complaint makes the fatal error of improperly incorporating all of Count II into Count III. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Miami-Dade County moves to dismiss Counts II and III of the Amended Complaint [ECF No. 39] ***with prejudice***.[1]

### PROCEDURAL BACKGROUND

Shaniece Williams, Sherry Thompson, and William Allen's original three-count Complaint alleged one count of excessive force under 42 U.S.C. § 1983 against Miami-Dade Police Sergeant Juan Rodriguez and two state law claims against the County. [ECF No. 1]. The County and Sgt.

---

[1] Undersigned counsel apologizes to the Court for the day late filing. Counsel inadvertently calendared this deadline for today. It was an oversight and steps are being taken to ensure this does not happen again.

Rodriguez separately moved to dismiss, and the Court denied Sgt. Rodriguez's motion and granted the County's [ECF No. 37]. In particular, the Court found the County was entitled to sovereign immunity as to both counts and that Plaintiffs had failed to plead a negligence claim. *Id.* Although the Court allowed Plaintiffs leave to amend, it specifically cautioned that: "failure to properly distinguish the basis of their § 1983 claim from their theory of general negligence could result in the same factual inconsistency described above and warrant dismissal with prejudice of the County as a party to this suit." *Id.* at 31 n. 6.

On July 24, Plaintiffs filed an Amended Complaint, again attempting to allege a negligence claim (Count II) and an assault and battery claim (Count III) against the County. *See* Am. Compl. [ECF No. 39]. This time, Plaintiffs purport to plead facts in the alternative, but they do so all while incorporating the same factual allegations that made it impossible for this Court to ignore the County's entitlement to sovereign immunity the first time around. The fact remains that Plaintiffs' claims against the County are based on the theory that Sgt. Rodriguez recklessly shot at law abiding citizens who posed no threat to others. If the Court assumes that to be true, as it must, the County is entitled to sovereign immunity. Moreover, the Amended Complaint also fails to plead a negligence claim and improperly comingles counts, providing further bases for dismissal.

**ARGUMENT**

I. **COUNTS II AND III MUST BE DISMISSED BECAUSE THE COUNTY IS ENTITLED TO SOVEREIGN IMMUNITY**

"The doctrine of sovereign immunity provides that the County, as a political subdivision of the State of Florida, is immune from suit except in those circumstances where the State has given its consent to be sued." *Moore v. Miami-Dade County*, 502 F. Supp. 2d 1224, 1234-35 (S.D. Fla. 2007) (citing *Cauley v. City of Jacksonville*, 403 So. 2d 379, 381 (Fla. 1981)). While Florida Statute § 768.28 partially waives sovereign immunity in limited circumstances, it also provides that: "[t]he state or its subdivisions **are not liable** in tort for the acts or omissions of an officer,

employee or agent . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a) (emphasis added). This means that "in any case involving the actions of a county employee, either the county or the employee can be held liable, but not both." *Moore*, 502 F. Supp. 2d at 1235 (citing *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996)).

Florida courts have routinely held that a governmental entity is immune from suit where its employees' actions were malicious, in bad faith, or showed wanton disregard for safety. *See, e.g.*, *City of Fort Lauderdale v. Todaro*, 632 So. 2d 655, 656-58 (Fla. 4th DCA 1994) (reversing verdict against city where jury found employee acted with willful disregard for safety); *Willis v. Dade Cty. Sch. Bd.*, 411 So. 2d 245, 246 (Fla. 3d DCA 1982) (affirming dismissal of complaint that alleged "malicious" assault and battery). Similarly, courts in this District repeatedly reject plaintiffs' attempts to hold Miami-Dade County liable where the alleged conduct is wanton and willful—irrespective of whether those exact terms are used in the pleading—and dismiss such state law claims against the County based on sovereign immunity.[2]

### A. The County is Entitled to Sovereign Immunity on Count II Because Plaintiffs Realleged the Same Facts This Court Already Found to be Problematic

Plaintiffs incorporate paragraphs 1 through 26 in the Amended Complaint. *See* Am. Compl. ¶ 60). Those paragraphs allege that on December 4, 2019, Sgt. Rodriguez attempted to conduct a

---

[2] *See, e.g.*, *Jones v. City of Palm Beach Gardens*, No. 16-81247, 2022 WL 2191689, at *3-4 (S.D. Fla. June 17, 2022) (Scola, J.); *Montefu Acosta v. Miami-Dade County*, No. 16-23241, ECF No. 37 at 10-11 (S.D. Fla. Sept. 8, 2020) (Ungaro, J.); *Casado v. Miami-Dade County*, No. 18-22491, 2018 WL 5263935, at *6 (S.D. Fla. Oct. 23, 2018) (O'Sullivan, M.J.) (consent case); *Gaviria v. Guerra*, No. 17-23490, 2018 WL 1876124, at *11 (S.D. Fla. Apr. 19, 2018) (Altonaga, J.); *Alicea v. Miami-Dade County*, No. 13-21549, ECF No. 95 at 4-6 (S.D. Fla. Oct. 27, 2014) (Bloom, J.); *Printemps v. Miami-Dade County*, 2017 WL 2555631, at *3 (S.D. Fla. June 9, 2017) (Ungaro, J.); *Alvarez-Mena v. Miami-Dade County*, No. 14-20030, 2014 WL 3667806, at *2 (S.D. Fla. July 22, 2014) (Moreno, J.); *Blue v. Miami-Dade County et al.*, 2011 WL 2447699, at *2-3 (Huck, J.); *Thomson v. Davenport*, No. 09-21708, ECF No. 59, at 9-10 (S.D. Fla. June 16, 2010) (Gold, J.); *Knight v. Miami-Dade County*, No. 09-23462, ECF No. 34, at 10-11 (S.D. Fla. June 23, 2010) (Graham, J.); *Terry v. Rodriguez*, No. 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 7, 2010) (Hoeveler, J.); *Sanchez v. Miami-Dade County*, No. 06-21717, 2007 WL 1746190, at *1 (King, J.); *Moore v. Miami-Dade County*, 502 F. Supp. 2d 1224, 1234 (S.D. Fla. 2007) (Gold, J.); *Dukes v. Miami-Dade County*, No. 05-22665, ECF No. 103, 2006 WL 8433284, at *2 (S.D. Fla. July 5, 2006) (Huck, J.).

traffic stop at the intersection of Northwest 66th Street and Northwest 22nd Avenue, which resulted in an exchange of shots fired between Sgt. Rodriguez and the suspect. *See id.* at ¶¶ 17, 18. Importantly, during this initial exchange of shots, "no gunfire had been directed near or towards Plaintiffs and no gunfire had been directed near or towards Plaintiffs' Vehicle." *Id.* at ¶ 19. The suspect fled towards a Wings on Fire drive-through restaurant where Plaintiffs were in their car ordering food. *Id.* at ¶ 12; 20. As Plaintiffs sat in their car at the drive-through, the suspect attempted, but failed, to enter their car. *Id.* at ¶ 16. Then, Sgt. Rodriguez "began shooting at Plaintiff's Vehicle and into Plaintiffs' Vehicle." *Id.* at ¶ 26. And bullets from Sgt. Rodriguez's gun struck Plaintiff's vehicle. *Id.* As pleaded, Plaintiffs have alleged substantially the same allegations that entitled the County to sovereign immunity before. *See* Order on Motion to Dismiss at 22-28.

But now, Plaintiffs posit in the alternative that although Sgt. Rodriguez "had a sufficient view of Plaintiff's Vehicle and the Assailant," he may have believed the suspect either gained entry into their vehicle, or that one of them was an accomplice of the suspect. *Id.* at ¶¶ 61, 62. Putting aside the logical incongruency between alleging that Sgt. Rodriguez sufficiently saw Plaintiffs' vehicle and the suspect but did not see the suspect fail to enter the vehicle, these allegations make no difference to the County's entitlement to sovereign immunity given what comes next. In the same count, Plaintiffs allege: "***Officer Rodriguez continued to shoot at and into Plaintiff's*** [sic] ***Vehicle as specified in paragraphs 30 through 47***," incorporating these paragraphs into Count II by reference. *Id.* ¶ 64 (emphasis added); *see also id.* at ¶ 66 (again referencing paragraphs 30 through 39 in Count II). These paragraphs allege that Sgt. Rodriguez shot at Plaintiffs who posed "no threat" to him, and they are some of the exact paragraphs that this Court ***already*** found to be "especially problematic for Plaintiffs' argument in opposition to sovereign immunity." Order on Motion to Dismiss [ECF No. 37] at 25. For example, Plaintiffs reallege:

> As Plaintiff Thompsons' [*sic*] vehicle was fleeing and posed no threat to Officer Rodriguez, Officer Rodriguez continued to fire upon Plaintiffs' Vehicle.
>
> As Plaintiff Thompson drove Plaintiffs vehicle southbound and away from Officer Rodriguez, Officer Rodriguez still continued to fire his gun upon Plaintiffs and Plaintiffs' Vehicle.
>
> Officer Rodriguez continued to shoot at Plaintiffs and Plaintiffs' Vehicle even after the vehicle passed away from Officer Rodriguez and even as the vehicle continued to flee away from Officer Rodriguez's position.
>
> And, as Plaintiffs' Vehicle continued to flee southbound and continued to flee away from Officer Rodriguez's position, Officer Rodriguez continued shooting, and shot Plaintiff Williams in the back and left shoulder.
>
> Officer Rodriguez's aiming at Plaintiffs and Plaintiffs' Vehicle even as Plaintiffs and their vehicle continued to flee from his position by driving further and further away from Officer Rodriguez's position confirms that Officer Rodriguez shot into Plaintiffs' vehicle and at Plaintiffs even when they did not pose any threat to Officer Rodriguez.

Am. Compl. ¶¶ 31, 33, 35, 36, 39.

These allegations highlight that Count II is still premised on the notion that Sgt. Rodriguez willfully disregarded human safety when he discharged his firearm at a vehicle occupied by innocent bystanders who posed no threat to him. They connote bad faith and willful disregard of human safety even when paired with Plaintiffs' new allegations that that Sgt. Rodriguez may have believed the suspect entered Plaintiffs' car or knew someone in there. Repeatedly shooting law-abiding citizens who present no threat to the police or other civilians is wanton conduct exhibiting a willful disregard for human safety.

This Court found as much when it determined that "sovereign immunity shield[ed] the County from liability on Counts II and II" when assessing the previous Complaint. *See* Order on Motion to Dismiss [ECF No. 37] at 37; *see also id.* at 25 (citing these same allegations as a basis to conclude the County was entitled to sovereign immunity). The same is true now as it was then.

The County is therefore immune from liability for such conduct. *See Gregory v. Miami-Dade County*, 719 F. App'x 859, 873 (11th Cir. 2017).

### B. The County is Entitled to Sovereign Immunity on Count III

In Count III, Plaintiffs allege an assault and battery claim against the County. *See* Am. Compl. ¶¶ 75-86. Putting aside the fact that Count III violates the pleading rules by incorporating the entirety of Count II into Count III (*see id.* at ¶ 75 (incorporating ¶¶ 60-74)), the County is entitled to sovereign immunity for the same reasons argued above. By incorporating paragraphs 60 through 74 into Count III, Plaintiffs have also incorporated paragraphs 30 through 47 (referenced in paragraph 64 and 66). As already noted, these paragraphs allege that Sgt. Rodriguez shot into a vehicle occupied by innocent bystanders who were simply trying to escape the cascade of bullets coming directly at them. All this, according to Plaintiffs, while not a single person in the car did anything to pose a threat to Sgt. Rodriguez. Plaintiffs state as much explicitly in Count III: "Defendant Officer Rodriguez used unnecessary, inappropriate, and excessive force when firing his gun upon Plaintiffs and upon Plaintiffs' Vehicle, which was occupied solely by Plaintiffs, each of whom was an innocent civilian." *Id.* at ¶ 79. In conjunction, these allegations establish that Plaintiffs' claims against the County are based on Sgt. Rodriguez's alleged wanton and willful disregard for human rights and safety, which precludes a state law claim against the County. *See* Fla. Stat. § 768.28(9)(a).

## II. THE COMPLAINT MUST ALSO BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM IN COUNT II AND VIOLATES THE PLEADING RULES IN COUNT III

### A. Count II Must Be Dismissed Because Negligent Use of Excessive Force is Not a Cognizable Cause of Action

In Count II, Plaintiffs allege "each Defendant is obligated and has a duty to not shoot at fleeing innocent civilians that do not pose a reasonable threat to a Defendant." Am. Compl. ¶ 71. But under Florida law, there is no such thing as the negligent use of excessive force. "Florida courts

have consistently and unambiguously held that 'it is not possible to have a cause of action for negligent use of excessive force because there is no such thing as the negligent commission of an intentional tort.'" *Secondo v. Campbell*, 327 F. App'x 126, 131 (11th Cir. 2009) (citing *City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. 3d DCA 1996)); *see also Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1331 (11th Cir. 2018); *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1294 (11th Cir. 2009).

As in the Complaint, the Amended Complaint also alleges the County breached its duty of care when Sgt. Rodriguez shot at fleeing, innocent civilians. *See* Am. Compl. ¶¶ 64-66. This Court already determined that "to the extent that Plaintiffs seek to state a claim for negligent use of excessive force, such a cause of action is incognizable under Florida law and must be dismissed." Order on Motion to Dismiss [ECF No. 37] at 29. To try and overcome this deficiency, Plaintiffs offer an alternative explanation to their claim for excessive force: that Sgt. Rodriguez may have wrongly believed the suspect entered the vehicle when he discharged his firearm. *See* Am. Compl. ¶¶ 61, 62. The problem, however, is that again, "Plaintiffs have incorporated facts within Count II that are factually incongruent and logically inconsistent with a general-negligence theory." Order on Motion to Dismiss [ECF No. 37] at 30.  Specifically, Plaintiffs have alleged that "Officer Rodriguez continued to shoot at and into Plaintiff's Vehicle as specified in paragraphs 30 through 47," which allege that Sgt. Rodriguez shot at innocent civilians who "posed no threat" to him. Am. Compl. ¶¶ 64, 31.  It is fundamentally incongruent for Plaintiffs to allege, in the same count no less, that Sgt. Rodriguez both felt threatened by the vehicle because he thought the suspect was inside *and* that he shot at the vehicle when it "posed no threat" to him.

And because Plaintiffs chose *again* to incorporate within Count II "allegations upon which their excessive-force claim rests," Count II should be dismissed with prejudice.  *See* Order on Motion to Dismiss [ECF No. 37] at 30; *see also Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334,

1337 (S.D. Fla. 2012) (Moore, J.) ("Florida courts recognize battery, assault, and false imprisonment as intentional torts . . . [and] it is improper to state a claim for negligence premised solely on the defendant's alleged commission of an intentional tort."); *Estate of Osorio v. Miami-Dade County*, 191 F. Supp. 3d 1366, 1369 (S.D. Fla. 2016) (Scola, J.) ("Because an officer's use of excessive force is necessarily considered an intentional tort, it cannot, therefore, be 'negligent' because it is impossible to negligently commit an intentional tort.") (citations omitted).

  **B.**  **Count III Must Be Dismissed Because It Improperly Incorporates the Entirety of Count II in Violation of the Pleading Rules**

The Eleventh Circuit has repeatedly admonished the practice of incorporating preceding counts into successive counts. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years"); *see also Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (collecting cases)). Here, Count III improperly incorporates the entirety of Count II such that it states more than one cause of action. *See* Am. Compl. ¶ 75 (incorporating paragraphs 60 through 74).

These kinds of pleadings "unnecessarily tax the time and resources of the District Court as well as the Court of Appeals," and make it difficult, if not impossible, for defendants to formulate a responsive pleading. *Keith*, 749 F.3d at 1045 n.39. Because Plaintiffs have improperly incorporated all allegations in Count II into Count III, they have violated the pleading rulings. For this additional reason, the Amended Complaint should be dismissed.

## CONCLUSION

Miami-Dade County respectfully requests the Court dismiss Counts II and III of the Amended Complaint. And because the Court has already given Plaintiffs an opportunity to amend, dismissal should be with prejudice.

Dated: August 8, 2024

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: *s/ Fabiana Cohen*
Fabiana Cohen
Florida Bar No. 119732
Assistant County Attorney
e-mail: cohenf@miamidade.gov
Phone: (305) 375-5151
*Counsel for Miami-Dade County*