UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24530-RAR

SHANIECE WILLIAMS, SHERRY
THOMPSON, and WILLIAM
ALLEN,

    Plaintiffs,

v.

MIAMI-DADE COUNTY and
JUAN RODRIGUEZ,

    Defendants.
_____/

### PLAINTIFFS' OPPOSITION TO DEFENDANT MIAMI-DADE COUNTY'S MOTION TO DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT

Plaintiffs Shaniece Williams, Sherry Thompson, and William Allen (collectively "Plaintiffs") respectfully submit their Response in Opposition to Defendant Miami-Dade County's Motion to Dismiss Counts II and III of the Amended Complaint (DE:43) ("Motion to Dismiss the Amended Complaint").

### PRELIMINARY STATEMENT

Following this Honorable Court's Order On Motions To Dismiss (DE:37), Plaintiffs amended their Complaint and properly alleged two causes of action against the County in connection with a tragic incident that left an innocent woman shot, an innocent man detained, and all three Plaintiffs severely traumatized.

Plaintiffs plainly pled "in the alternative to the Count I (§ 1983) claim" that "Officer Rodriguez *believed* that the Assailant gained entry into Plaintiff's Vehicle" and that based upon that *mistaken* belief, Officer Rodriguez shot at and into Plaintiffs' Vehicle. Further, Plaintiffs pled

1

that a "police officer in Officer Rodriguez's position should have determined that the Assailant did not gain entry into Plaintiff's Vehicle" but that the Officer's mistaken belief caused him to continue shooting at and into Plaintiffs' Vehicle.  (Amended Complaint, DE:39 ¶¶ 60-64).

The County's Motion to Dismiss inappropriately asks this Court to construe Plaintiffs' allegations in the light most favorable to the County rather than to Plaintiffs, make factual determinations concerning the Officer's state of mind, what he should have done, and what he supposedly saw.  These are not issues that should be addressed at the pleading stage in light of Plaintiffs' well-pled allegations.

Plaintiffs "properly distinguish[ed] the basis of their § 1983 claim from their theory of general negligence."  *See* DE:37 at 31, n. 6.  Furthermore, Plaintiffs did not violate the pleading rules by incorporating previously pled paragraphs into their Count III claim.  This Court should deny Miami-Dade County's Motion to Dismiss the Amended Complaint and allow Plaintiffs to proceed to discovery to obtain justice for the ordeal they suffered.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.  When considering a Rule 12(b)(6) motion, a court accepts the complaint's well-pled facts as true and views the complaint in the light most favorable to the plaintiff.  *McCoig v. City of*

*Rockledge, Fla.*, 2022 WL 16827429, at *1 (11th Cir. Nov. 9, 2022) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)).

"The federal pleading rules require 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a), which 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Naeh Media Group LLC v. City of Lauderhill, Fla.*, 23-11022, 2024 WL 1155815, at *3 (11th Cir. Mar. 18, 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (vacating and remanding, holding that "district court erred in granting summary judgment based on perceived deficiencies in the complaint"). "'This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'" *Id*. (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14 (2002)).

### I. **Plaintiffs Properly Pled Negligence Claim Against The County Should Not Be Dismissed.**

Defendant Miami-Dade County asks this Court to impermissibly construe Plaintiffs' allegations in the light most favorable to ***Defendants***, rather than in the light most favorable to ***Plaintiffs*** as required by law. Further, the County attempts to ignore Plaintiffs' alternative allegations, which assert that the Officer's actions were based upon his negligent, mistaken belief that the Assailant entered the Plaintiffs' Vehicle (DE: 39 ¶¶ 60-64), and instead characterizes "Plaintiffs' claims against the County [as] based on the theory that Sgt. Rodriguez recklessly shot at law abiding citizens who posed no threat to others." *See* DE:43 at 2. However, Plaintiffs' Amended Complaint provides an ***alternative*** theory of liability against Miami-Dade County: Officer Rodriguez's negligent, ***mistaken belief*** that the Assailant entered Plaintiffs' Vehicle and

3

that Officer Rodriguez was shooting at the Assailant and/or someone who was assisting the Assailant.  *See* DE:39 at ¶¶ 61-62.

As Plaintiffs properly pled that the Officer acted with negligence based on his mistaken belief, the factfinder must determine whether Officer Rodriguez acted in bad faith or with a malicious purpose.  *See Vasquez v. City of Miami Beach*, 895 F. Supp. 2d 1275, 1279 (S.D. Fla. 2012); *Arnold v. Sainvil*, Case No. 15-CV-20973, 2016 WL 1211013, *3 (S.D. Fla. Mar. 29, 2016) (unreported); *Burnett v. Miami Dade County*, Case No. 07-CV-20207, 2007 WL 1225451, *2 (S.D. Fla. Apr. 25, 2007) (unreported); *see also McGhee v. Volusia County*, 679 So.2d 729, 733 (Fla. 1996).

    a.  <u>This Court's Order dismissing Counts II and III.</u>

On July 13, 2024, this Honorable Court dismissed Plaintiffs' claims against Miami-Dade County, reasoning:

> [T]he Complaint fails to properly plead Counts II and III in the alternative.  As to Count II specifically, the Complaint fails to state a claim for negligent use of excessive force and/or general negligence as currently pleaded.  Moreover, based upon the allegations in the operative Complaint, sovereign immunity shields Miami-Dade County from liability on Counts II and III.

DE:37 at 22.

After explaining that "Florida courts have held that a governmental entity may not be held liable where its employee's actions were malicious, in bad faith, or showed reckless and wanton disregard for human rights, safety, or property"[1] – this Court held "that Plaintiffs' allegations in

---

[1] Citing *City of Ft. Lauderdale v. Todaro*, 632 So. 2d 655, 656-58 (Fla. 4th DCA 1994) (reversing verdict against city where jury found employee acted with willful disregard for safety);

4

paragraphs 1-47 'connote conduct much more reprehensible and unacceptable than mere intentional conduct and can only be characterized as stating claims for acts done in bad faith or in a willful and wanton manner.'"[2]  *Id*. at 22-27.  Holding that "sovereign immunity shields the County from liability on Counts II and III," this Court dismissed these counts "***without prejudice and with leave to amend***."  *Id*. at 28 (emphasis in original).  The Court instructed Plaintiffs that "Subsequent amendment will need to plead specific facts substantiating Plaintiffs' state law claims and make clear where Plaintiffs attempt to plead in the alternative."  *Id*.

b.  <u>Plaintiffs remedied their failure to properly plead in the alternative.</u>

In compliance with this Court's Order, Plaintiffs amended their complaint.  In Count II of their Amended Complaint, Plaintiffs specifically pled in the alternative to the Count I § 1983 claim against Officer Rodriguez that: "***In the alternative to the Count I claim***, Plaintiffs repeat only paragraphs 1 through 26 above as if fully set forth herein."  DE:39 at ¶ 60 (emphasis added).  Plaintiffs then state, "***Plaintiffs plead in the alternative*** that Officer Rodriguez ***believed*** that the Assailant gained entry to Plaintiffs' Vehicle without the permission of any Plaintiff and even though the Assailant did not actually gain entry to Plaintiffs' Vehicle."  *Id*. at ¶ 61 (emphasis added).  Plaintiffs then state, "***In the alternative to paragraph 61***, Officer Rodriguez ***believed*** that at least one of the occupants of Plaintiffs' Vehicle was an accomplice of the Assailant's and that such accomplice(s) allowed the Assailant to enter Plaintiffs' Vehicle, and even though the Assailant did not actually gain entry to Plaintiffs' Vehicle."  *Id*. at ¶ 62 (emphasis added).

---

*Willis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 (Fla. 3d DCA 1982) (affirming trial court's dismissal of complaint that alleged "malicious" assault and battery).

[2]    Citing *Gregory v. Miami-Dade Cnty., Fla.*, 719 F. App'x 859, 874 (11th Cir. 2017).

In Count III, the Plaintiffs specifically repeated "each and every of the foregoing paragraphs… **60 through 74 above** as if fully set forth herein." *Id*. at ¶ 75 (emphasis added) (including Paragraphs 61 and 62 which alleged, in the alternative, Officer Rodriguez's mistaken beliefs). Thus, in their Amended Complaint, following this Court's admonition, Plaintiffs properly pled *in the alternative* a negligence theory of liability for the County.

The County is wrong in its assertion that Plaintiffs' allegations in Count II (and Count III) are "still premised on the notion that Sgt. Rodriguez willfully disregarded human safety when he discharged his firearm at a vehicle occupied by innocent bystanders who posed no threat to him." *See* DE:43 at 5-6. While the County posits that Plaintiffs "allege that Sgt. Rodriguez shot at Plaintiffs who posed 'no threat' to him, and [Paragraphs 30 through 47] are some of the exact paragraphs that this Court already found to be 'especially problematic for Plaintiffs' argument in opposition to sovereign immunity,'" (DE:43 at 4, quoting Order on Motion to Dismiss (DE:37) at 25), it ignores the import of Plaintiffs' alternative allegations in Paragraphs 61 and 62 of the Amended Complaint which give context to Paragraphs 30 through 47 as referenced in Counts II and III. The key distinction between the Plaintiffs' original claims against the County – which this Court dismissed – and the Plaintiffs' claims in the Amended Complaint is the ***basis for Officer Rodriguez's actions***.

At no time through the course of the incident did any Plaintiff (or Plaintiffs' Vehicle) pose a threat to Officer Rodriguez. However, as alleged in the alternative in the Amended Complaint, Officer Rodriguez ***mistakenly believed that they did***. It is Officer Rodriguez's pled perception – ***here pled in the alternative per this Court's instruction*** – that gives context to the allegations in Paragraphs 30 through 47. Paragraphs 61 and 62 of the Amended Complaint modify every allegation that follows in Count II (and Count III).

Based on Plaintiffs' allegations of Officer Rodriguez's mistaken belief which gives context to Counts II and III, Plaintiffs have properly pled *negligence* and not "negligent use of excessive force." The County's assertion that "It is fundamentally incongruent for Plaintiffs to allege… that Sgt. Rodriguez both felt threatened by the vehicle because he thought the suspect was inside *and* that he shot at the vehicle when it 'posed no threat' to him" purposefully ignores this context and asks this Court to make factual findings regarding Officer Rodriguez's state of mind. See DE:43 at 7.

While it turns out that the Plaintiffs posed no threat to Officer Rodriguez, *as properly pled in the alternative per this Court's instruction*, Officer Rodriguez *had the mistaken belief* that the Plaintiffs' Vehicle was occupied by the Assailant and/or someone working with the Assailant. This context supports the Plaintiffs' negligence claims against the County. *See Arnold v. Sainvil*, Case No. 15-CV-20973, 2016 WL 1211013, *3 (S.D. Fla. Mar. 29, 2016) (unreported) (rejecting municipality's argument that the plaintiff's "allegations necessarily describe acts committed in bad faith, with a malicious purpose, or exhibiting wanton and willful disregard of human rights and safety," and denying municipality's motion to dismiss *battery* claim based on sovereign immunity); *see also Burnett v. Miami Dade County*, Case No. 07-CV-20207, 2007 WL 1225451, *2 (S.D. Fla. Apr. 25, 2007) (unreported) (rejecting municipality's argument that "the specific facts Plaintiff alleged in his Complaint relating to the *assault and battery* claims, can only be construed as having been committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property," and denying municipality's motion to dismiss plaintiff's assault and battery claims, stating, "the issues of bad faith and malicious purpose are frequently questions for the jury.").

7

c. Plaintiffs remedied their failure to state a claim in Count II.

This Honorable Court also held that Plaintiffs failed to state a claim in Count II of the Complaint, stating, "to the extent that Plaintiffs seek to state a claim for negligent use of excessive force, such a cause of action is incognizable under Florida law and must be dismissed." DE:37 at 29.³ As noted above, Plaintiffs remedied this deficiency by properly pleading *in the alternative* that, in essence, Officer Rodriguez **mistakenly believed** that the Assailant gained entry to the Plaintiffs' Vehicle and that at least one of the occupants of the Plaintiffs' Vehicle was working in concert with the Assailant.  *See* DE:39 at ¶¶ 61-62.  In their Amended Complaint, Plaintiffs have now included allegations that are "factually []congruent and logically []consistent with a general-negligence theory."  *See id*.; DE:37 at 30.  Plaintiffs have now pled "additional, supporting facts substantiating the 'plausible circumstances where [Officer Rodriguez's] decision to shoot at and into Plaintiff[s]' parked car could result in the County's liability for negligence.'"  *See* DE:37 at 30 (quoting Miami-Dade County's Response at 12).

Furthermore, in their Amended Complaint, Plaintiffs only incorporated paragraphs 1 through 26 in Count II (rather than incorporating paragraphs 1 through 47 as in the original Complaint).  *Compare* Complaint DE:1 at ¶ 60 *with* Amended Complaint DE:39 at ¶ 60.  Thus, in the Amended Complaint, Plaintiffs did not exclusively include "allegations [that] all but require the Court to draw the reasonable inference that Officer Rodriguez acted in a 'willful and wanton' manner."  *See* DE:37 at 29.  This Court may now *also* "draw the reasonable inference" that, *in the alternative*, Officer Rodriguez's actions were negligent.  *See id*.

---

³ Citing *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) and *Est. of Osorio v. Miami-Dade Cnty.*, 191 F. Supp. 3d 1366, 1369 (S.D. Fla. 2016).

"[T]he issue of whether [a government employee] acted in bad faith or malicious purpose should be left to a fact-finder." *Vasquez v. City of Miami Beach*, 895 F. Supp. 2d 1275, 1279 (S.D. Fla. 2012) (Martinez, J.) (denying defendant municipality's motion to dismiss plaintiff's amended complaint for failure to state a claim). The plaintiff in *Vasquez* alleged that after he was arrested for public consumption of alcohol, a City of Miami Beach police officer drove him to a secluded alley, "took him out of the car while restrained and 'savagely beat the Plaintiff with his bare fists about the Plaintiff's face, shoulder, and body, kicking' Plaintiff for over ten minutes." *Id*. at 1276. In denying the City of Miami Beach's motion to dismiss the plaintiff's battery claim under state tort law, the court found that the plaintiff's amended complaint did "not plead facts that give rise to the City's sovereign immunity protection." *Id*. at 1278. The court found "that it is inappropriate to determine from the face of the complaint whether [the City of Miami Beach police officer's] actions were made within the scope of his employment with the Miami Beach Police Department and whether he acted in bad faith or with malicious purpose." *Id*. at 1279.

In *Vasquez* – like Miami-Dade County in the instant case – the City of Miami Beach "argue[d] that taken as true, Plaintiff's allegations establish that [the City of Miami Beach officer] acted with bad faith or with malicious purpose such that the City is protected by sovereign immunity against state tort claims." *See id*. However, the court in *Vasquez* disagreed. *Id*. Citing *McGhee v. Volusia County*, 679 So.2d 729, 733 (Fla. 1996), the court stated that "the Florida Supreme Court held that the issue of whether the employee acted in bad faith or with malicious purpose should be left to a fact-finder." *Id*. Like the court in *Vasquez*, this Honorable Court should deny Miami-Dade County's Motion to Dismiss the Plaintiffs' Amended Complaint.

This Honorable Court "should wait until the completion of discovery to determine the issue of sovereign immunity." *See Arnold v. Sainvil*, Case No. 15-CV-20973, 2016 WL 1211013, *3

9

(S.D. Fla. Mar. 29, 2016) (unreported); *see also Burnett v. Miami Dade County*, Case No. 07-CV-20207, 2007 WL 1225451, *2 (S.D. Fla. Apr. 25, 2007) (unreported).

## II. Count III Properly Pled a Separate Cause of Action Against the County.

The County moves to dismiss Count III of the Amended Complaint because it "improperly incorporates the entirety of Count II in violation of the pleading rules." *See* DE:43 at 8. The County appears to complain that the Plaintiffs have made "it difficult, if not impossible, for [the County] to formulate a responsive pleading." *See id.* (citing *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014)). However, in *Keith*, although the Court of Appeals took issue with the fact that the plaintiffs incorporated between 177 and 186 of their previously pled paragraphs in successive claims, the plaintiff's complaint ***was not*** dismissed for this purported defect. *See Keith*, 749 F.3d at 1045, n. 39. The County's reliance on *Weiland v. Palm Beach Cty. Sheriff's Office* is also misplaced as that case ***does not*** hold that incorporating allegations requires dismissal. *See* DE:43 at 8 (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 & n. 11 (11th Cir. 2015)).

Plaintiffs' incorporation of the initial 26 paragraphs of the Amended Complaint and 14 paragraphs from Count II into Count III ***will in no way*** "unnecessarily tax the time and resources of the District Court as well as the Court of Appeals." *See* DE:43 at 8 (quoting *Keith*, 749 F.3d at 1045, n. 39). Plaintiffs have complied with their notice pleading obligations, and this is a relatively straight-forward case where the County has been adequately put on notice of the claims against it. The manner in which the Plaintiffs have pled their claims against the County will in no way "make it difficult, if not impossible, for [the County] to formulate a responsive pleading" (*see id.*) if this Honorable Court denies the County's Motion to Dismiss Plaintiffs' Amended Complaint.

10

## CONCLUSION

It is indisputable that Officer Rodriguez shot Plaintiff Williams in the back and left shoulder. It is indisputable that law enforcement officers wrongfully detained Plaintiff Allen. It is indisputable that Officer Rodriguez's actions deeply traumatized all three Plaintiffs.

In their Amended Complaint, the Plaintiffs properly pled in the alternative that Officer Rodriguez shot at Plaintiffs because he mistakenly believed that the Assailant had either gotten into Plaintiffs' Vehicle or someone inside Plaintiffs' Vehicle was working with the Assailant. Further discovery is necessary to find out all of the facts that occurred related to this horrific incident. Based on the foregoing, Plaintiffs respectfully request that this Honorable Court deny Defendant Miami-Dade County's Motion to Dismiss the Amended Complaint.

If this Court grants the County's motion to dismiss, Plaintiffs respectfully request that they be granted leave to replead to address any pleading deficiency.

DATED:  Miami, Florida
        August 22, 2024

**JOSEPH M. SCHUSTER, ESQ., P.A.**

By: */s/ Joseph M. Schuster*
    Joseph M. Schuster

888 Biscayne Blvd., Ste. 4807
Miami, FL 33132
Tel: 305-610-8330
Email: joe@josephmschuster.com
Florida Bar No. 0115812

*Attorney for Plaintiffs*